UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGINALD D. TALL; and MICHELLE TALL,

    Plaintiffs,

v.                                           Case No. 6:20-cv-1125-Orl-37LRH

FEDERAL INSURANCE COMPANY,

    Defendant.
_____

**ORDER**

Before the Court is Plaintiffs' motion to remand. (Doc. 15 ("**Motion**").) On referral, U.S. Magistrate Judge Leslie R. Hoffman recommended denying the Motion. (Doc. 28 ("**R&R**").) Plaintiffs objected. (Doc. 30 ("**Objection**").) On *de novo* review, the Objection is overruled and the R&R is adopted in full.

**I.    BACKGROUND[1]**

Plaintiffs filed this action, and two related actions, in state court. (Doc. 1-1; *see also* No. 6:20-cv-1127-Orl-37LRH, Doc. 1-1; No. 6:20-cv-1128-Orl-37LRH, Doc. 1-1.) In all three cases, Plaintiffs allege Federal Insurance Company (Defendant) breached their insurance policy by failing to properly indemnify them for losses due to damage to their property.[2]

---

[1] Plaintiffs' motions to remand and their Objection improperly refers Defendant Federal Insurance Company as "Chubb." (*See* Docs. 15, 30; *see also* Doc. 28, p. 3, n.1.)

[2] This case action relates to alleged windstorm and water damage occurring on September 8, 2016. (Doc. 40). The related actions allege water loss on August 25, 2016 (No. 6:20-cv1127, Doc. 1-1) and May 12, 2018 (No. 6:20-cv-1128 (Doc. 1-1)).

-1-

(Doc. 1-1, p. 1-4.) After some limited discovery on the amount of damages, Defendant removed this action , invoking the Court's diversity jurisdiction. (*See* Doc. 1.) Plaintiffs now seek to remand, arguing: (1) the notice of removal was untimely; (2) Defendant failed to establish the amount in controversy requirement was met; and (3) Defendant waived its right to removal. (Doc. 15). On referral, Judge Hoffman recommended denying the Motion. (Doc 28.) With Plaintiffs' Objection, the matter is ripe. (Doc. 30.)

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   ANALYSIS

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). In diversity cases, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In the removal context, the defendant must prove by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Neither party disputes the existence of diversity of citizenship. (*See* Doc. 28, p. 6 n.2.)  So the Court will focus its analysis on whether Defendant established the amount

in controversy ("**AIC**").

Before removal, Plaintiffs filed three separate lawsuits against Defendant in state Court—but they repeatedly refused to specify what amount of damages they were asserting for each case. (*See* Doc. 28, pp. 7–10; *see also* Docs. 24-1 to 24-6.) Instead, Plaintiffs responded to Defendant's interrogatories with identical answers that "failed to inform Defendant what damages Plaintiffs are claiming in each lawsuit." (Doc. 28, p. 14.) In all their responses, Plaintiffs would point "to all of the estimates [for all claims] submitted during discovery without any further specificity." (*See id.*; *see also* Docs. 24-17 to 24-19.) And, despite multiple opportunities to certify in interrogatories or stipulations that the amount in controversy was less than $75,000, Plaintiffs steadfastly refused to do so—which Judge Hoffman found "telling" albeit insufficient to independently establish jurisdiction. (Doc. 28, pp. 16–17.) Given Plaintiffs' response to the interrogatories that the amount in controversy far exceeded $75,000, Judge Hoffman concluded Defendant had established subject matter jurisdiction. (*See id.* at 14–17.)

Plaintiffs now object Judge Hoffman "impermissibly aggregate[d] the estimates, and artificially inflate[d] [Plaintiffs'] damages to $433,643.39 in this case." (Doc. 30, p. 11.) Not so. Judge Hoffman explicitly noted she was *not* aggregating the damages in all three cases; rather, she found that Defendant had met its burden "to establish the amount in controversy for diversity in this Court *for each case*." (Doc. 28, p. 15–16, 15 n.7 (emphasis added).) So Judge Hoffman properly considered the amount in controversy and the Court overrules Plaintiffs' objections.

Plaintiffs' other objections are similarly unavailing. Plaintiffs object Judge

Hoffman improperly shifted the burden of proof to them and failed to resolve ambiguities in their favor. (Doc. 30, p. 2, 9, 11.) True, it's Defendant's burden to show the AIC threshold is met, and uncertainties are to be resolved in favor of remand. (Doc. 30, p. 9); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). But Judge Hoffman correctly applied the law. She noted that while Defendant "bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement" and "doubts should be resolved in favor of remand," the Defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." (*See* Doc. 28, p. 5); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). While the Defendant is obliged to demonstrate a sufficient amount in controversy, they are not obliged to accept the Plaintiff's attribution of causation (or lack thereof) in unpacking the claimed losses. On *de novo* review, Judge Hoffman did not err when she concluded Defendant had met its burden. (*See* Doc. 28.) So these objections are overruled.

Finally, the parties do not object to Judge Hoffman's factual findings and conclusions regarding timeliness and waiver of removal and the time for doing so has now passed. (*See* Doc. 28) So the Court has examined those findings only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12 cv 557 T 27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no error, the Court overrules the objections and adopts the R&R in its entirety.

### IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Plaintiffs' *Amended* Objections to the Report and Recommendations (Doc. 30) is **OVERRULED**.

2. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 28) is **ADOPTED, CONFIRMED,** and made a part of this Order.

3. Plaintiffs' Motion to Remand (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 5, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record